F. M. WYATT v. THE STATE.

No. 1675. Decided November 3, 1897.

**1. Jury Law—Practice.**

When, at the time the case was called for trial, the regular jury for the week had been discharged, and there was no regular jury in attendance on the court, it was proper practice to order a jury summoned to try the case.

**2. Charge of Court.—Special Instructions.**

When the charge of the court is sufficient upon any given issue, there is no occasion to give special requested instructions upon the same issue.

**3. Witness—Impeachment by Contradictory Statements Where Witness Neither Denies Nor Admits Having Made the Statements.**

On a trial for robbery, where an accomplice, who had turned State's evidence, was asked if he did not make certain statements before the grand jury, to which he replied, that "he probably did make the statements, but that he did not know what he did testify to them," and defendant proposed to prove by witnesses and by the grand jury book that he did make the imputed statements, which was refused by the court upon the ground that the facts did not authorize the impeachment of the witness; Held, if a witness does not distinctly admit that he has made the statements, proof may be given that he did make them.

**4. New Trial—Controverting Affidavit.**

When a defendant has been refused the right to use certain testimony to impeach a witness, and makes this ruling of the court one of the grounds for a new trial, it is not competent to controvert this ground of the motion by an ex parte affidavit of the supposed impeaching witness contradicting the allegations which it had been proposed to prove by him.

**5. Robbery—Evidence—Finding Fruits of the Crime on a Codefendant.**

When a robbery is committed by several parties, it is legitimate to prove, though defendant was not present, that when one of the parties was arrested, fruits of the crime were found on him; such evidence goes to identify the perpetrators.

APPEAL from the Criminal District Court of Dallas. Tried below before Hon. CHARLES F. CLINT.

Appeal from a conviction for robbery; penalty assessed at five years imprisonment in the penitentiary.

This is a companion case to Coulter v. State, 37 Texas Criminal Reports, 284, where a general statement of the leading features of the case may be had.

*Harry L. Seay*, for appellant.—It was error for the court to overrule defendant's application for a continuance or postponement, the grounds for said continuance being that the regular jury for the week,

selected according to law by the jury commissioners, had never been issued for or summoned, and that the panel of twenty-four which had been selected the first of the week as the jury for the week had been discharged, and it would be very prejudicial to the defendant to be forced into trial before a jury picked up around the courthouse, because the cases of Clark and Coulter, who were indicted for the same offense, had been tried the first part of the week and both had been convicted. The cases had excited an unusual amount of comment, had been reported in the papers, and had been the topic of general conversation. The defendant challenged in writing the panel of twenty-four, and afterwards challenged each juror individually, but the court overruled each said challenge and forced the defendant to trial before the picked-up jury. The defendant insists that he was entitled to be tried before a jury duly and legally drawn and selected by the duly qualified jury commissioners for said court, and his demand that the case be postponed until said jury could be summoned should have been granted. Even if not entitled to have been tried before a regular jury, he was at any rate entitled to a trial before the jury for the week, which, as shown in bill of exceptions number 1, was impaneled on Monday of the week this defendant was tried. The qualification of the court is virtually a confession of error; even if the case had been postponed and the jury for the week discharged on account of the absence of senior counsel for defendant, his unexpected return would not warrant the court in his illegal and unwarranted action in forcing the defendant to trial before a jury picked from the streets and in and near the courthouse, where the robbery cases just finished had been discussed and a strong sentiment against the defendant had been aroused. The return of counsel is not an excuse for depriving the defendant of the benefit of a legal trial. Elkins v. State, 1 Texas Crim. App., 539; Shackelford v. State, 2 Texas Crim. App., 386.

The court erred in refusing to allow the defendant to put the witnesses Tolliver and Prescott on the stand to impeach the witness La Presto, a proper predicate having been laid for their testimony. The defendant can use any grand juror to prove contradictory statements, to those made on the trial, while before the grand jury. Clanton v. State, 13 Texas Crim. App., 153; Levy v. State, 28 Texas Crim. App., 209, 210; Scott v. State, 23 Texas Crim. App., 565; Fuller v. State, 30 Texas Crim. App., 563, 564; Rippey v. State, 29 Texas Crim. App., 43.

When a witness is offered to prove certain facts, and the court refuses to allow him to testify, and a bill of exceptions is taken to the action of the court, the bill of exceptions and the facts on which it is based can not be rebutted on a motion for a new trial by the affidavit of the witness to the effect that he would not have testified to the facts expected to be proved by him, and which the defendant stated he ex-

pected to prove by him, at the time he was offered as a witness. The time to find out whether or not he will so testify is when he is offered as a witness.

*Mann Trice*, Assistant Attorney-General, for the State.—1. When there is not a full panel of the regular jury, talesmen may be summoned. It is true that talesmen should not be resorted to if the regular jury is available. In this case it appears that the regular jury for the week had been altogether discharged. It was therefore proper to summon talesmen. Moreover, it appears that the talesmen were less liable to prejudice than the regular panel, as it is clear that the regular panel had tried and convicted appellant's confederate in the crime here charged. The talesmen were not open to this objection, and all qualified under the law. No error is shown in overruling the challenge to the array, or to individual jurors.

2. La Presto did not deny making the statement imputed to him before the grand jury. It is only upon a denial direct or qualified that a witness can be impeached by showing contradictory statements. Williams v. State, 24 Texas Crim. App., 639. La Presto's statement when on the witness stand was more of a tacit admission that he made the alleged contradictory statements than a denial thereof. If he admits the statements, it is not competent to prove that he did make them. Walker v. State, 17 Texas Crim. App., 16; Rodreguez v. State, 23 Texas Crim. App., 503.

The affidavit of Tolliver, while not offered for the purpose of contradicting the bill of exception, expressly does so. This affidavit was called for by matter set up in motion for new trial, and expressly contradicts the ground there assigned and presented in the bill of exceptions. This, when considered in connection with the trial court's explanation, amply justifies the trial court in refusing to permit Tolliver and Prescott to testify as to the alleged contradictory statements.

3. The charge gave appropriate instructions as to the law governing the testimony of accomplice La Presto. The evidence is sufficient, and the judgment should be affirmed.

HENDERSON, JUDGE.—Appellant was convicted of robbery, and his punishment assessed at confinement in the penitentiary for a term of five years; hence this appeal.

Appellant, by his first bill of exceptions, insisted that he should not have been tried by a jury which was not the regular jury, but was ordered summoned by the court for the purpose of trying the case against appellant. The record shows that prior to the trial of this case the regular jury for the week had been discharged, and when this case was called there was no regular jury in attendance on the court. The court accordingly ordered the sheriff to summon a jury for the trial of the case, which was done. For aught that appears, said jury was properly

summoned, and they were qualified jurors, and those who tried the defendant were fair and impartial. There was no error in this action of the court.

The charge of the court on accomplice testimony was sufficient, and there was no occasion to give the requested charges asked by the appellant.

The State introduced Joe La Presto as a witness, who was an accomplice. La Presto, among other things, testified that the defendant, with himself and Clark and Coulter, entered into an agreement to rob the prosecutor, Cox; that he and Clark actually did the robbing, but that Coulter and defendant were not immediately present, but had gone around another way. On cross-examination appellant asked the witness La Presto "if he had not testified before the grand jury in said case, and if he did not state before that body that he had nothing to do with said robbery, and was not connected therewith, and did not know who committed the same." Appellant's bill of exceptions shows that said La Presto answered said question, "That he was sick and excited when he was before said grand jury, and did not know what he did testify to them." Appellant then offered to prove by two witnesses—Prescott and Tolliver—that they were members of the grand jury; that the witness La Presto was examined before said grand jury, and that he stated that he had nothing to do with the robbery charged; that he was not connected with said robbery, and did not know who committed the same. Appellant also proposed to introduce the grand jury books, and prove that they showed the same thing which he proposed to prove by Prescott and Tolliver. The court approved this bill, with the following explanation: "That the said witness La Presto stated on the examination during the trial that he probably made the statements before the grand jury about which he was questioned as set forth, and explained that at the time he was sick and feverish, and did not at all deny making such statements; and further, that no statement on the part of La Presto appeared recorded in the book of the grand jury of which defendant demanded production in court; and further, it appeared from the affidavit of Tolliver, foreman of the grand jury, in the record in this case, that the statements made by the said witness La Presto were substantially the same as those made on the trial." Appellant claimed the right to introduce said evidence for the purpose of impeaching the witness La Presto. This conviction was obtained mainly upon the testimony of the witness La Presto. In fact, without his testimony, it could not be sustained. And it follows that appellant was entitled to every scintilla of legal proof that would tend to weaken or discredit his testimony. It has heretofore been held by this court, following the authorities, that it was always allowable to impeach a witness who stated that he did not remember the fact inquired about. See Levy v. State, 28 Texas Crim. App., 203, and authorities there cited. And it has been held also that, where a witness admits having made the statement inquired about, he can not be impeached on such statement. See Walker v. State, 17 Texas Crim. App.,

16, and Rodriguez v. State, 23 Texas Crim. App., 503. Referring to the explanation of the judge to the bill of exceptions, he says that the witness stated that he "probably made the statements." Now, as we have before stated, where the witness admits making the statement, testimony can not be introduced for the purpose of showing he made the statement. Why? Simply from the fact that he has impeached himself as effectually as if such testimony had been adduced. He must unequivocally admit making the statement, else such testimony can be introduced to prove that he did. Upon this subject Mr. Stephens says: "Every witness under cross-examination in any proceeding, civil or criminal, may be asked whether he has made any former statement relative to the subject matter of the action, and inconsistent with his present testimony—the circumstances of the supposed statement being referred to sufficiently to designate the particular occasion; and, if he does not distinctly admit that he has made such statement, proof may be given that he did in fact make it." See Steph. Ev., art. 131. Mr. Jones, in his work on Evidence, indorses the proposition of Mr. Stephens to the fullest extent. See Jones Ev., sec. 148, and cases there cited. Upon reason, this could not be otherwise. If there be a doubt as to whether or not the statement was made, the effect of the impeachment is burdened with that doubt. If the proof shows that he distinctly admitted making the statement, then we have an unequivocal contradiction in the two statements—the one sworn to before the jury, and the other made before the grand jury. If the proof shows that there was no doubt as to whether or not he made the statement, the conflict carries this doubt with it, and the impeachment of the witness is not as successful and complete as if there was no question about his making the statement. Now, the party has the right to impeach a witness most completely. How can this be done unless either the witness distinctly admits making the statement, or proof is introduced establishing the fact that he did in fact make it. The witness stated that he probably made the statement. There is only a probable conflict; when, if it be true that he did make the statement, there would not only be a probable conflict, but an absolute conflict.

The trial occurred on November 28, 1896. The amended motion for a new trial was filed December 2, 1896. The affidavit of Tolliver, filed by the State, controverting the amended motion, was filed December 29, 1896; and the amended motion for a new trial was overruled on December 29, 1896. Tolliver makes affidavit to the effect that the witness La Presto testified before the grand jury in substance the same as he swore on the trial. This affidavit was clearly inadmissible for the purpose to which it was applied, to wit, to show that Tolliver would not have testified that La Presto had stated that he knew nothing of this robbery, etc. When appellant proposed on the trial to prove by Tolliver that La Presto had made such a statement, then, and then alone, was the time to test the matter. Ex parte affidavits can not be used for that purpose. Appellant had no opportunity to cross-examine Tolliver; no opportunity to refresh his memory. The bill of exceptions shows that the ap-

pellant proposed to prove that La Presto stated before the grand jury that he knew nothing about this robbery, etc., and proposed to prove that he so stated in the grand jury room. The bill states that appellant could make this proof by Tolliver and Prescott, and he had a right to place them on the stand for this purpose. Furthermore, appellant had a right to the introduction of the grand jury books, and it was not for the court to say that appellant could not prove by said books what he undertook to prove by them. It is a remarkable proposition that, when a party proposes to introduce legal testimony, the court wrongfully rejects it, and then, to cure the error, the court appends to the bill of exceptions his individual knowledge about it—a matter of fact occurring outside of the court, and not in the trial. If the book would not have furnished the evidence sought by appellant, the best evidence of that fact would have been the book itself, introduced at the time appellant proposed to impeach the witness.

There was no error in the refusal of the court to quash the indictment. Nor was there any error in the admission of the testimony of La Presto in reply to the witness Thurmond when the defendants were going off, and he hallooed to La Presto, "Where are you going? Are you going to a country dance?" and La Presto replied: "I don't know where in the hell I am going. Come and go with me." This appears to have been immediately after the parties left the street car, and as they were going off together. Nor was there any error in the court admitting the testimony of A. L. Simpson, to the effect that he arrested one of the defendants, to wit, Clark, and found on him some of the fruits of the crime. This is no act or declaration of Clark, but it is simply proof that serves to identify him as one of the perpetrators of the crime, and to be used in connection with other proof to identify and connect the defendant with said offense.

For the refusal of the court to permit the defendant to impeach the witness La Presto, the judgment is reversed, and the cause remanded.

*Reversed and remanded.*

HURT, Presiding Judge, absent.