CHARLEY CLAXTON v. THE STATE.

No. 7664.   Decided May 23, 1923.

**1.—Selling Intoxicating Liquor—Impeachment of Witness—Rule Stated.**

A witness may be impeached by showing that he testified before the grand jury in a material matter at variance with his testimony on the trial, and the refusal of the trial court to allow a predicate to be laid for such impeachment is erroneous.   Following Rippey v. State, 29 Texas Crim. App., 43, and other cases.

2.—Same—Surprise—Postponement—Continuance.

If one offense be described in the indictment and during the trial it develops that the State relied on a different but similar transaction the accused who asserts his surprise should be given time and opportunity to present his application for postponement of continuance. Following Cunningham v. State, 20 Texas Crim. App., 167, and other cases.

3.—Same—Date of Offense—Practice in Trial Court.

If the State allege one date in the indictment, and the State prove an offense of different date and the accused sufficiently pleads surprise, and therein makes it appear that he has an adequate defense to the date now made by the State's proof, a postponement or continuance should be granted.

Appeal from the District Court of Ellis. Tried below before the Honorable W. L. Harding.

Appeal from a conviction of selling intoxicating liquor; penalty, one year and six months in the penitentiary.

*Clyde F. Winn,* for appellant. Cited cases in opinion.

*R. G. Storey,* Assistant Attorney General, for the State. Cited: Hines v. State, 37 Tex. Crim. Rep., 340.

LATTIMORE, JUDGE.—Appellant was convicted in the District Court of Ellis County of the offense of selling intoxicating liquor, and his punishment fixed at one year and six months in the penitentiary.

The indictment alleged the sale of intoxicating liquor by appellant to one McCray on June 1, 1922. On the trial said State witness testified that the liquor was sold to him upon June 19, 1922. Appellant had sought a postponement to obtain witnesses by whom he expected to prove an alibi and that he was in Dallas County on June 1st and for several days about that date. The questions mentioned below were raised and properly presented herein by bills of exception.

A witness may be impeached by showing that he testified before the grand jury in a material matter at variance with his testimony on the trial, and the refusal of the trial court to allow a predicate to be laid for such impeachment, was erroneous. Rippey v. State, 29 Texas Crim. App. 43; Wyatt v. State, 38 Texas Crim. Rep. 259; Gibson v. State, 45 Texas Crim. Rep. 313; McGill v. State, 60 Texas Crim. Rep. 617.

If one offense be described in the indictment and during the trial it develops that the State relies on a different but similar transaction, the accused who asserts his surprise should be given time and opportunity to prepare and present his application for postponement or continuance based on such surprise, and the further proposition that he can meet and defend against the case now sought to be made. Cunningham v. State, 20 Texas Crim. App. 167; Robbins v. State,

33 Texas Crim. Rep. 573; Batson v. State, 36 Texas Crim. Rep. 616, Smith v. State, 40 Texas Crim. Rep. 391.

If the State allege one date in the indictment and undertakes to prove an offense of different date, and the accused sufficiently plead surprise and therein make it appear that he had an adequate defense to the date now made by the State's proof, a postponement or continuance should be granted.

For the errors mentioned the judgment will be reversed and the cause remanded.

*Reversed and remanded.*