Steven Alexander Jones v. State















IN THE
TENTH COURT OF APPEALS
 

No. 10-98-157-CR

     STEVEN ALEXANDER JONES,
                                                                         Appellant
     v.

     THE STATE OF TEXAS,
                                                                         Appellee
 

From the County Criminal Court at Law #12
Harris County, Texas
Trial Court # 98-00018
                                                                                                                

O P I N I O N
                                                                                                                

      Appellant Jones appeals his conviction for misdemeanor assault, for which he was assessed
a fine of $800 and sentenced to one year in the county jail, probated for one year.
      Appellant was charged by information with intentionally causing bodily harm to Rebecca
Jones by grabbing her by the hair on her head and by pulling her by the hair. Appellant pled not
guilty.
      Rebecca Jones, age 21 and wife of Appellant, testified that at about 11:30 p.m. on January
1, 1998, she and Appellant arrived at their home in Houston from Las Vegas; that Appellant
became angry when he discovered she had not packed his toothbrush; that he grabbed her by her
hair and pulled her through the living room; that this lasted about ten seconds and caused her pain. 
Rebecca ran out of her house to Janie Orta's house next door and called the police. She testified
she was afraid of Appellant.
      Janie Orta testified that on January 1, 1998, Rebecca came to her house about midnight
crying; told her that she and her husband had a fight and that he had dragged her by her hair; and
that Rebecca called 9-1-1 for the police.
      Deputy Woelic testified he responded to the 9-1-1 call on January 1, 1998; that Rebecca said
she had been assaulted by her husband by having her hair pulled. He also testified he went next
door and talked with Appellant who stated, "She's lying, nothing happened." Deputy Woelic
took Appellant into custody.
      James Atkins testified that Appellant was hard-working, very honest and he never saw him
lose his temper; that appellant had been married three times before his marriage to Rebecca; and
that he was not aware of any internal problems in the Jones' marriage.
      Appellant's daughter, Amy Jones, age 20, testified her father was a peaceful and law-abiding
citizen.
      Appellant's mother, Josie Jones, age 70, testified that Rebecca took some of her property from
her house and that she had made a theft report. She also testified that Appellant was a peaceful
person and had never been in trouble in his life.
      Appellant, who is 50 years of age, testified he met Rebecca in 1993 in Florida where she was
a receptionist; that she followed him to Las Vegas and moved in with him for three years; and that
they married in 1996. In his testimony he said Rebecca had threatened to bruise herself and then
sue him for everything he owned; and that she had hit him a number of times. He also testified
that he did not assault Rebecca; that after returning from Las Vegas he asked Rebecca about his
toothbrush and that she responded she had not packed it; that a heated discussion, disagreement
or argument began; that he reminded her of her past infidelities, which drove her into a rage. He
stated she then threw a cordless telephone at him striking him in the mouth; that she then came at
him and he grabbed her hair and said, "Stop it, what's wrong you?" He then released her, went
into the TV room, and heard her go out the front door.
      The jury found Appellant guilty. The judge assessed punishment at a fine of $800 and one
year in jail, probated for one year. 
      By different counsel Appellant appeals on three points of error.
      In point one Appellant asserts that the trial court reversibly erred and abused its discretion in
sustaining the State's relevance objection on whether the complainant herself paid to have her teeth
fixed.
      Rebecca denied that Appellant had been generous with her in money matters and testified she
even had to pay to have her own teeth fixed.
      In an attempt to impeach Rebecca’s credibility Appellant was asked:
      DEFENSE COUNSEL:   Today, we talked about fixing her teeth. Do you know what she
was talking about?
 
      DEFENDANT:              Yes. 
 
      DEFENSE COUNSEL:   And what was it?
 
      PROSECUTOR:             I object to the relevance.
 
      THE COURT:                Sustained.
 
      DEFENSE COUNSEL:   Did she fix her teeth with her money?
 
      PROSECUTOR:             Object as to relevance.
 
      THE COURT:                Sustained.
 
      DEFENSE COUNSEL:   I believe it goes to the credibility of the person.
 
      THE COURT:                Objection is sustained.

      In point two Appellant complains that the trial court reversibly erred and abused its discretion
in sustaining the State’s relevance objection to testimony by Appellant concerning his compliance
with a no-contact provision on his appearance bond.
      Rebecca testified that she had requested and had been granted a no-contact order as a
condition of Appellant’s bond, and that he attempted to contact her in violation of same.
      Appellant, in an attempt to rebut and impeach Rebecca, was asked:
      DEFENSE COUNSEL:   You’ve heard some comments about a no-contact provision?
 
      DEFENDANT:              I recall that, yes.
 
      PROSECUTOR:             I object, Your Honor, to the relevance of this.
 
      DEFENSE COUNSEL:   You know they had a big thing about it yesterday. I think the jury
needs to have that cleared up.
 
      THE COURT:                Sustained. I don’t want to hear any more about a no-contact
provision. It has nothing to do with this case whatsoever. That is
an administrative function of this court. It has no bearing on the
guilt or innocence and you are not to consider it for any purpose
whatsoever.

      Point three complains of the trial court’s ruling excluding evidence to impeach the credibility
of Rebecca.
      Rebecca testified she did not tell Appellant’s mother, over the telephone after this incident
occurred, that she loved Appellant and didn’t want this thing to go this far, that she didn’t
want to leave, and that she wanted him to take her back.
      Thereafter Appellant’s mother, Josie Jones, testified to the following:
      DEFENSE COUNSEL:   Did you have occasion after January 1, 1998, to talk with Rebecca
by telephone?
 
      WITNESS:                    Yes.
 
      DEFENSE COUNSEL:   Could you determine from the conversations that you had with her
whether she wanted to go back as the wife of Steven, or not?
 
      WITNESS:                    Yes.
 
      PROSECUTOR:             That’s backdoor hearsay.
 
      DEFENSE COUNSEL:   That is not backdoor hearsay. I’m not going into conversations. 
The lady was on the witness stand.
 
      PROSECUTOR:             Objection, speaking objection, Your Honor.
 
      THE COURT:                Objection is sustained.
 
      PROSECUTOR:             Thank you, Your Honor, may the jury be instructed to disregard
the witness’ answers.
 
      THE COURT:                Jury so instructed.

      Rule 801(a), Texas Rules of Evidence, defines hearsay as:
Hearsay is a statement, other than one made by the declarant while testifying at the trial,
offered in evidence to prove the truth of the matter asserted.

      However, when a witness has been given the opportunity to admit the making of a statement
under circumstances reflecting that the witness is aware of the substance of the statement and the
time and person to whom it was made, extrinsic evidence of the statement is admissible under the
prior inconsistent statement rule. Tex. R. Evid. 613(a). Extrinsic evidence of the statement is
admissible to show the existence of the statement and not the truth of the matter asserted in the
statement. Under these circumstances the statement is not hearsay and is admissible for the
purpose of impeachment. Staley v. State, 888 S.W.2d 45, 49 (Tex. App.—Tyler 1994, no pet.).
      In excluding evidence of Rebecca’s statements to Josie Jones, which were inconsistent with
Rebecca’s testimony and the existence of which Rebecca denied, the trial court focused exclusively
on the issue of hearsay. Because the statements were not being offered for the truth of the matter
asserted, but rather as proof that the statements were made and to impeach the credibility of the
complainant, the trial court acted without reference to any guiding rules and principles and thus
acted arbitrarily and unreasonably. Therefore, the court abused its discretion in sustaining the
State’s objection. Montgomery v. State, 810 S.W.2d 372, 380 (Tex. Crim. App. 1990).
      This case turned on whether the jury believed Rebecca, who testified Appellant assaulted her
by pulling her across the floor by her hair, or whether the jury believed Appellant, who testified
that he did not do so, and/or whether whatever he did was in self-defense or was otherwise
justified.
      The evidence excluded and referred to in points one, two and three was offered to impeach
the credibility of complainant and as such should have been admitted.
      We nevertheless overrule points 1 and 2 since the record does not show what the excluded
testimony would have been.
      Point 3 is sustained.
      We next consider whether the trial court’s errors constituted reversible error under Rule 44.2,
Texas Rules of Appellate Procedure.
Rule 44.2. Reversible error in criminal cases provides in (b) Other errors (than
constitutional errors) . Any other error, defect, irregularity, or variance that does not
affect substantial rights must be disregarded.

      Since the result of this case depended primarily on whether the jury believed the complainant,
or believed the appellant, and since the trial court denied the jury evidence which, if believed,
would directly affect the credibility of the complainant, we hold that the trial court’s error affected
the substantial rights of Appellant and thus should not be disregarded.
      The judgment is reversed and the cause remanded for a new trial.
 
                                                                         FRANK G. McDONALD
                                                                         Chief Justice (Retired)

Before Chief Justice Davis,
      Justice Gray and
      Chief Justice McDonald (Retired)
      (Justice Gray dissenting)
Reversed and remanded
Opinion delivered and filed August 18, 1999
Do not publish