**Gregory Lance STONE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 14–93–00332–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

Aug. 7, 1997.

---

1. Tex.Code Crim. Proc. Ann. art. 42.12.

Norman J. Silverman, Houston, for appellant.

Keli Pool Roper, Houston, for appellee.

Before LEE, AMIDEI and EDELMAN, JJ.

## OPINION ON REMAND

LEE, Justice.

Appellant, Gregory Lance Stone, pleaded nolo contendere without an agreed punishment recommendation to the charge of attempted murder. TEX. PENAL CODE ANN. §§ 15.01; 19.02 (Vernon 1989 & Supp.1994).[1] The trial court deferred sentencing and ordered a pre-sentence investigation (PSI) report. After reviewing the PSI, the trial court assessed punishment at sixteen years confinement and a $5,000 fine. This court reversed. *Stone v. State*, 909 S.W.2d 570 (Tex.App.—Houston [14th Dist.] 1995, pet. granted). After granting the State's petition for discretionary review, the Court of Criminal Appeals reversed and remanded the case to this court to address appellant's remaining points of error. *Stone v. State*, 919 S.W.2d 424 (Tex.Crim.App.1996). We affirm.

■ Appellant's first point of error contends the trial court erred by denying his request to withdraw his plea. A defendant may withdraw his guilty or nolo contendere plea as a matter of right without assigning a reason until judgment is pronounced or the case has been taken under advisement. *Jackson v. State*, 590 S.W.2d 514, 515 (Tex. Crim.App.1979). However, once the trial judge takes the case "under advisement," the trial court has discretion in deciding whether to allow the defendant to withdraw his plea. *Id.* Therefore, the first issue in this case is whether the trial judge took appellant's case under advisement *before* appellant attempted to withdraw his plea.

---

1. The crime for which appellant was convicted was committed before September 1, 1994, the effective date of the revised penal code. *See* Act of June 19, 1993, 73rd Leg., ch. 900, § 1.18(b), 1993 Tex. Gen. Laws 3589, 3708. Therefore, any references to the penal code are to the code as in effect at the time the crime was committed.

It is well settled that passage of a case for pre-sentence investigation constitutes "taking the case under advisement" despite the fact that punishment has not been assessed. *See e.g., DeVary v. State,* 615 S.W.2d 739, 740 (Tex.Crim.App.1981); *Jackson,* 590 S.W.2d at 515; *Davis v. State,* 861 S.W.2d 25, 26 (Tex.App.—Houston [14th Dist.] 1993, pet. ref'd); *Thompson v. State,* 852 S.W.2d 268, 270 (Tex.App.—Dallas 1993, no pet.); *Cano v. State,* 846 S.W.2d 525, 526–27 (Tex.App.—Corpus Christi 1993, no pet.); *Wissinger v. State,* 702 S.W.2d 261, 262–63 (Tex.App.—Houston [1st Dist.] 1985, pet. ref'd); *Zuazu v. State,* 691 S.W.2d 88, 90 (Tex.App.—Houston [1st Dist.] 1985, pet. ref'd). Appellant argues that because the trial judge had not "accepted" his plea before he attempted to withdraw his plea, the case had not been taken under advisement. We disagree.

The transcript shows that on December 8, 1992, appellant appeared at trial accompanied by defense counsel, waived his constitutional rights, stipulated to evidence to support his plea, and then pled nolo contendere to the charged offense.[2] At that point, the trial court admonished appellant of the consequences of his plea, determined he was mentally competent to stand trial and ascertained that he had freely and voluntarily entered his plea. The judge then received appellant's plea, entered the plea papers into the court's records and deferred a finding of guilt until a PSI report could be completed. Therefore, it is clear that the trial court took appellant's case under advisement before appellant attempted to withdraw his plea. *See DeVary,* 615 S.W.2d at 740. Accordingly, the decision whether to allow appellant to withdraw his plea was within the court's discretion. *Jackson,* 590 S.W.2d at 515.

We next consider whether the trial court abused its discretion by denying appellant's request to withdraw his plea. The test for abuse of discretion is not whether, in the opinion of the reviewing court, the facts present an appropriate case for the trial court's action; rather, it is a question of whether the court acted without reference to any guiding rules and principles or acted arbitrarily or unreasonably. *Lyles v. State,* 850 S.W.2d 497, 502 (Tex.Crim.App.1993); *Montgomery v. State,* 810 S.W.2d 372, 380 (Tex.Crim.App. 1990).

Generally, a request to withdraw a plea is late or untimely if it is made after the case has been taken under advisement or guilt has been adjudicated. *See, e.g., DeVary,* 615 S.W.2d at 740; *Jackson,* 590 S.W.2d at 515; *Milligan v. State,* 168 Tex. Crim. 202, 324 S.W.2d 864, 865 (1959); *Scott v. State,* 860 S.W.2d 645, 647 (Tex.App.—Dallas 1993, no pet.). In the present case, appellant did not seek permission to withdraw his plea until after his case was taken under advisement. Moreover, his request was not presented until three and a half months *after* entering his plea and just moments before the trial judge assessed punishment. Given this delay, we find that appellant's attempt to withdraw his plea was not timely, and the trial court did not abuse its discretion by denying the request. *See Gottson v. State,* 940 S.W.2d 181, 187 (Tex.App.—San Antonio 1996, no pet.) (a request to withdraw a plea during the punishment phase of trial is untimely); *see also DeVary,* 615 S.W.2d at 740 (trial court did not abuse its discretion by overruling appellant's untimely request to withdraw his plea). Appellant's first point of error is overruled.

Appellant's second and third points of error contend the trial court violated his federal and state constitutional rights by denying him the right to self-representation during the punishment phase of trial. Although appellant asserted his state constitutional claim in a separate point of error, he has provided no separate argument or authority to support such a claim. Briefs asserting state constitutional rights are inadequate if they fail to provide separate and specific argument and authority to support the contention. Tex.R.App. P. 74(f); *Aldrich v. State,* 928 S.W.2d 558, 559 (Tex.Crim.App. 1996). Because appellant offers no such argument or authority to support his state constitutional claim, we consider it inade-

---

2. Because appellant waived his right to have a court reporter record his plea, the record does not contain a statement of facts from the December 8, 1992 plea hearing.

quately briefed and presenting nothing for review. *See Aldrich*, 928 S.W.2d at 559.

■ We now address appellant's federal constitutional claim. An accused has a right to self-representation under the Sixth Amendment to the United States Constitution. *Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975); *Burton v. State*, 634 S.W.2d 692, 694 (Tex.Crim.App. 1982). However, the right to self-representation cannot be used as a tactic to delay the orderly procedure of the courts or to interfere with the fair administration of justice. *Ex parte Davis*, 818 S.W.2d 64, 66 (Tex.Crim. App.1991); *Webb v. State*, 533 S.W.2d 780, 786 (Tex.Crim.App.1976). If an accused is dissatisfied with appointed counsel, his complaint must be brought to the trial court's attention in a timely manner. *Hubbard v. State*, 739 S.W.2d 341, 344 (Tex.Crim.App. 1987).

■ The record does not support appellant's claim that he was denied the right to proceed *pro se* during the punishment phase of trial. After asking permission to represent himself, appellant took the role of an advocate—arguing his innocence to the trial court, attempting to persuade the court to withdraw his plea, asking for rehabilitative punishment, and explaining his future plans if found not guilty. Additionally, it appears that appellant himself believed he was representing himself during the punishment phase of trial. At the conclusion of his argument before the court, appellant stated, "[w]ith that, I will rest, your Honor." Based on this record, we cannot conclude that appellant was denied his Sixth Amendment right to self-representation. Accordingly, we overrule appellant's second and third points of error.

Appellant's fourth and fifth points of error raise contentions not submitted to this court in his original brief. Specifically, appellant's fourth point of error contends his plea was involuntary, and his fifth point of error challenges the factually sufficiency of the evidence to support his conviction.

■ Although the Rules of Appellate Procedure do not specifically outline the procedures courts of appeals should follow after

remand, the Court of Criminal Appeals has held that "because an appellant 'stands in the same position as he did when the initial appeal was filed,' the appellate rules apply just as though the appeal were on original submission." *Robinson v. State*, 790 S.W.2d, 334, 335 (Tex.Crim.App.1990); *Williams v. State*, 790 S.W.2d 336, 338 (Tex.Crim.App. 1990). Because appellant did not raise his fourth and fifth points of error in his original brief, he has waived these contentions. *See* Tex.R.App. P. 74(d), (e); *Sabine Consol., Inc. v. State*, 816 S.W.2d 784, 788 (Tex.App.Austin 1991, pet. ref'd), *cert. denied*, 506 U.S. 934, 113 S.Ct. 364, 121 L.Ed.2d 277 (1992); *see also Emerson v. State*, 756 S.W.2d 364, 370 (Tex.App.—Houston [14th Dist.] 1988, pet. ref'd) (citing *Coleman v. State*, 632 S.W.2d 616, 619 (Tex.Crim.App.1982)). Accordingly, we overrule appellant's fourth and fifth points of error and affirm the trial court's judgment.