NUMBER 13-02-147-CR

 

                             COURT OF APPEALS

 

                   THIRTEENTH DISTRICT OF TEXAS

 

                                CORPUS CHRISTI

 

 



VICTOR MANUEL LUNA,                                                       Appellant,

 

                                                   v.

 

THE
STATE OF TEXAS,                                                          Appellee.

 



 

                        On appeal from the 107th District Court

                                 of Cameron
County, Texas.

 

 



                                   O P I N I O N

 

                     Before Justices Castillo, Yañez, and  Dorsey[1]

                                  Opinion by Justice Castillo

 








Victor Manuel Luna
pled nolo contendere, without a plea bargain, to an indictment charging him
with the offense of indecency with a child[2]
and was sentenced to six years incarceration. 
From this conviction he appeals, alleging in one issue that the trial
court erred in denying his request to withdraw his plea and his motion for new
trial.  We affirm.

RELEVANT FACTS

Appellant pled nolo
contendere to the indictment on December 5, 2001.  The trial judge accepted the plea and the
evidence submitted and found that the waivers, plea, and stipulations were made
freely, knowingly, and voluntarily.  At
appellant=s request, however,
the judge deferred any finding on guilt until after a pre-sentence
investigation report could be made and reviewed by appellant and set the case
for sentencing at a later date.  At the
beginning of the sentencing hearing, held on February 8, 2002, the following
exchange took place: 

DEFENSE COUNSEL:       Good morning, Your Honor. May it please
the Court, Your

Honor, Mr. Luna is
here in the courtroom and B 

 

TRIAL JUDGE:                 Come
forward.

 

DEFENSE COUNSEL:        C and he has requested
that I ask of the Court leave to withdraw his plea of no contest and allow him
to proceed to a jury trial.

 








STATE=S ATTORNEY:      Your Honor, the State would request that
we proceed with the sentencing.  The
defendant was fully aware of what rights he had, what rights he was waiving by
pleading no contest.  And it was a cold
plea, so there=s not B it=s not that there was
an agreement that we=re now asking to
withdraw from.  We had a jury panel ready.  We had our witnesses ready to go to trial,
and he chose at that time to plead to [sic] no contest instead.  We would ask that the Court hold him to that
plea.

 

TRIAL JUDGE:                 That=ll be denied.  Do you have anything else to say before I
assess punishment in this case, Mr. Luna?

 

Appellant answered the
judge in the affirmative and referred the judge to his family, school, and work
situation and his lack of a prior criminal history.  The rest of the hearing related to the
appropriate punishment to be assessed. 
At no time during the hearing was any reason offered to the trial judge
for appellant=s request to withdraw
his plea.  The trial court sentenced
appellant to six years incarceration.

On February 14, 2002,
appellant filed a motion for new trial, asserting that after his plea, but
prior to sentencing, he Adiscovered new
evidence regarding the veracity of the witnesses= statement [sic],@ which triggered his request to withdraw his
plea. At the hearing on the motion for new trial, defense counsel reiterated
the claim made in the motion, stating AMr. Luna discovered
other evidence that B and he tells me that
if he had known that evidence was available, that he would never have entered a
plea of no contest to this indictment.A  No testimony or other evidence was offered at
the hearing.  The trial court denied the
motion for new trial.

DENIAL OF REQUEST TO
WITHDRAW PLEA








On appeal, appellant
argues that a trial court should withdraw a defendant=s plea of nolo
contendere if a colorable claim of innocence is raised, citing Griffin v.
State, 703 S.W.2d 193, 195 (Tex. Crim. App. 1986)(op. on reh=g)(en banc).  Griffin requires that a trial judge sua
sponte withdraw a defendant=s plea of guilty or no
contest made to a jury when evidence is introduced that makes the innocence of
the defendant evident or reasonably and fairly raises an issue as to a
defendant=s innocence.  Id. 
Here, however, appellant=s plea was before the
trial court, not a jury, and therefore is not governed by Griffin.  A trial court has no obligation to sua
sponte withdraw a plea of guilt or no contest made before it, even if
evidence is presented that makes the innocence of the defendant evident or
reasonably and fairly raises an issue as to such innocence.  Thomas v. State, 599 S.W.2d
823, 824 (Tex. Crim. App. [Panel Op.] 1980); Moon v. State, 572
S.W.2d 681, 682 (Tex. Crim. App. 1978)(op. on reh=g)(en banc); Soliz v. State, 945 S.W.2d
300, 302-03 (Tex. App.BHouston [1st Dist.]
1997, pet. ref=d).  In such circumstances, it is the trial court=s duty, as the trier
of fact, to consider the evidence submitted and, based on the evidence, find
the defendant guilty, guilty of a lesser offense, or not guilty.  Moon, 572 S.W.2d at 682. 

This case is
controlled by Jackson v. State, which holds that where a defendant
requests to withdraw a plea of guilty or no contest after the trial court takes
the case under advisement, such request is left to the sound discretion of the
trial court.  Jackson v. State,
590 S.W.2d 514, 515 (Tex. Crim. App. [Panel Op.] 1979).  AIt is well settled that passage of the
case for pre-sentence investigation constitutes >taking a
case under advisement.=@  Stone v. State, 951 S.W.2d 205, 207 (Tex.
App.BHouston
[14th Dist.] 1997, no pet.)(op. on remand).  
Thus, we will not reverse unless we find that the trial court abused its
discretion.  Jackson, 590 S.W.2d
at 515.








Review of the record
in this case reveals that at the time appellant asked to withdraw his plea, he
gave no explanation to the trial judge for the request.[3]  Defense counsel did not apprise the trial
judge of any unusual circumstances or suggest any purpose for the request other
than appellant merely changing his mind.[4]  With only appellant=s bare request before
it, we cannot find that the trial court abused its discretion, that is, that it
Aacted without
reference to any guiding rules and principles or acted arbitrarily or
unreasonably@ in denying appellant=s request to withdraw
his plea.  Stone, 951 S.W.2d at
207.

DENIAL OF MOTION FOR
NEW TRIAL

Appellant also argues
that the trial court erred in denying his motion for new trial.   We review the denial of a motion for new
trial under an abuse of discretion standard. 
Salazar v. State, 38 S.W.3d 141, 148 (Tex. Crim. App. 2001). 








We first note, apart
from defense counsel=s brief, vague
statement that AMr. Luna discovered
other evidence,@ that no information
was given to the trial court at the hearing on the motion for new trial about
the alleged new evidence discovered, what it consisted of, how it was
significant, how it had been discovered and why appellant had not known of it
at the time of the plea.  The specific
claim that appellant makes on appeal that he had Aheard@ that the witnesses Alied to the police@ was never brought to
the trial court=s attention.  More critical, however, is the fact that
appellant offered no evidence of any sort to the trial court in support of his
motion.  The only items before the trial
court at the hearing on the motion for new trial were the statements of counsel
and the verified motion itself.  Neither
was competent evidence.  See Collier
Servs. Corp. v. Salinas, 812 S.W.2d 372, 377 (Tex. App.BCorpus Christi 1991,
orig. proceeding)(noting that assertions of trial counsel are not evidence
unless the attorney is actually testifying); see also George v. State,
20 S.W.3d 130, 135 (Tex. App.BHouston [14th Dist.]
2000, pet. ref=d)(observing that
motions for new trial are not self-proving, even if verified); accord
Martins v. State, 52 S.W.3d 459, 468 (Tex. App.BCorpus Christi 2001,
no pet.)(holding that even affidavits attached to a motion for new trial are
only pleadings and are not evidence in a case unless introduced into
evidence).  A trial court does not err in
denying a motion for new trial based on matters outside of the record when no
evidence of those matters is admitted at the motion for new trial hearing.  Rios v. State, 510 S.W.2d 326, 328-29
(Tex. Crim. App. 1974)(op. on reh=g).  Appellant=s complaint of the denial of his motion for new
trial is without merit.

CONCLUSION

We overrule appellant=s sole issue and
affirm the conviction of the trial court.

 

ERRLINDA CASTILLO

Justice

 

Do not publish.

Tex. R. App. P. 47.2(b).

 

Opinion delivered and filed

this 9th day of January, 2003.

 











[1]Retired
Justice J. Bonner Dorsey assigned to this Court by the Chief Justice of the
Supreme Court of Texas pursuant to Tex.
Gov=t Code Ann. '
74.003 (Vernon 1998).





[2]
Tex. Pen. Code Ann. '21.11(a)(1)(Vernon
Supp. 2003).





[3]
Appellant complains on appeal that the trial court summarily denied the request
without justification and asserts that the court should have conducted a
separate hearing on the issue of the withdrawal of the plea.  Appellant provides no authority to support
his proposition that the trial court should have held a separate hearing.  We note also that appellant did not object to
the trial court on this, or any other, ground at the time he asked to withdraw
his plea.  To the extent that appellant
is  asserting that the trial court erred
in not conducting a separate hearing on his request, we find that he has waived
the issue.  See Tex. R. App. P. 33.1(a)(1), 38.1(h).

Appellant also complains that the trial court Adid
not state whether allowing a new trial to appellant would interfere with the
trial court=s docket
schedule.@  Appellant likewise provides no authority in
support of this purported requirement and again did not object to the trial
court=s omission of
any reference to the court=s
docket.  Any complaint on this basis has
also been waived.  See Tex. R. App. P. 33.1(a)(1), 38.1(h).





[4]
On appeal, appellant asserts that he had Aheard
that the witnesses against him had lied to the police@
and therefore his plea was Ano
longer free and it was not voluntarily made.@  However, appellant did not provide the trial
court with this explanation at the time he asked to withdraw his plea.