Opinion of August 16, 2005, Withdrawn and Affirmed Substitute Memorandum
Opinion filed August 25, 2005









Opinion of August 16, 2005, Withdrawn and Affirmed
Substitute Memorandum Opinion filed August 25, 2005.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-03-01073-CR

____________

 

JOSE LUIS GONZALEZ, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 180th
District Court

Harris County, Texas

Trial Court Cause No. 914,091

 



 

S U B S T I T U T E   M E M O R A N D U M    O P I N I O N

This court withdraws its opinion of August
16, 2005, because of an incorrect trial court number and issues this substitute
opinion in its place.








Appellant, Jose Luis Gonzalez, was
indicted for possession with intent to deliver more than 400 grams of
cocaine.  Appellant entered a plea of
guilty without an agreed recommendation as to sentencing, and the trial court,
after a pre-sentence investigation hearing, assessed punishment at thirty years= confinement in
the Texas Department of Criminal Justice, Institutional Division, and a $1,000
fine.  After he was sentenced by the
trial court, appellant retained new counsel and filed a motion for new trial
arguing his guilty plea was involuntary due to his trial counsel=s alleged
ineffective assistance.  Appellant=s trial counsel
testified at the new trial hearing and contradicted the majority of appellant=s claims.  After the hearing, the trial court denied
appellant=s motion for new trial.  Appellant contends his trial counsel rendered
ineffective assistance.  We affirm. 

INEFFECTIVE  ASSISTANCE 

In two points of error, appellant argues
the trial court erred when it failed to grant a new trial based on ineffective
assistance of counsel because: (1) his guilty plea was involuntary due to trial
counsel=s incorrect legal
advice; and (2) trial counsel failed to adequately investigate the facts and
circumstances of the case.       

A.      Standard
of Review








In reviewing claims of ineffective
assistance of counsel, we employ the standard of review set out in Strickland
v. Washington, 466 U.S. 668, 687 (1984). 
See Goodspeed v. State, No. PD-1882-03, 2005 WL 766996, at *2
(Tex. Crim. App. Apr. 6, 2005) (citing Strickland).  Under Strickland, appellant must prove
(1) his trial counsel=s representation was deficient, and (2)
his trial counsel=s deficient performance was so serious
that it prejudiced his defense.  466 U.S.
at 687; Goodspeed, 2005 WL 766996, at *2.  To establish both prongs, appellant must
prove by a preponderance of the evidence that counsel=s representation
fell below the objective standard of prevailing professional norms, and there
is a reasonable probability that, but for counsel=s deficiency, the
result of the proceeding would have been different.  Thompson v. State, 9 S.W.3d 808, 813
(Tex. Crim. App. 1999).  Appellant must
identify specific acts or omissions of counsel that constitute the alleged
ineffective assistance and affirmatively prove that they fell below the
professional norm for reasonableness.  McFarland
v. State, 928 S.W.2d 482, 500 (Tex. Crim. App. 1996), overruled on other
grounds, Mosley v. State, 983 S.W.2d 249, 263 (Tex. Crim. App.
1998).  If appellant fails to satisfy
either prong of the test, we need not consider the remaining prong.  Strickland, 466 U.S. at 697.   

When evaluating an allegation of
ineffective assistance, the appellate court looks to the totality of the
representation and the particular circumstances of each case.  Thompson, 9 S.W.3d at 813.  Judicial scrutiny of counsel=s performance must
be highly deferential, and we indulge a strong presumption that counsel was
effective.  See Goodspeed, 2005 WL
766996, at *2;  Jackson v. State,
877 S.W.2d 768, 771 (Tex. Crim. App. 1994). 
We presume counsel=s actions were reasonably professional and
motivated by sound trial strategy.  Strickland, 466 U.S. at 689.  Appellant must overcome this presumption by
illustrating why trial counsel did what he did.  Belcher v. State, 93 S.W.3d 593, 595 (Tex.
App.CHouston [14th
Dist.] 2002, pet. dism=d). 

The alleged ineffectiveness must be firmly
founded in the record.  Bone v. State,
77 S.W.3d 828, 835 (Tex. Crim. App. 2002). 
A reviewing court should not second guess trial counsel=s strategy in
hindsight; thus, an affidavit supporting a motion for new trial can be critical
to the success of a claim for ineffective assistance.  Storr v. State, 126 S.W.3d 647, 651
(Tex. App.CHouston [14th Dist.] 2004, pet. ref=d).  In the absence of a record explaining trial
counsel=s actions, a
reviewing court will not conclude trial counsel=s performance fell
below an objective standard of reasonableness unless the conduct was so
outrageous that no competent attorney would have engaged in it.  Garcia v. State, 57 S.W.3d 436, 440
(Tex. Crim. App. 2001).

B.      Voluntariness
of Confession

In his first point of error, appellant
contends the trial court abused its discretion in failing to grant a new trial
based on his assertion he received erroneous legal advice which rendered his
guilty plea involuntary. 








When a defendant challenges the
voluntariness of a plea entered upon the advice of counsel, contending his
counsel was ineffective, Athe voluntariness of the plea depends on
(1) whether counsel=s advice was within the range of
competence demanded of attorneys in criminal cases and if not, (2) whether
there is a reasonable probability that, but for counsel=s errors, he would
not have pleaded guilty and would have insisted on going to trial.@  Ex parte Moody, 991 S.W.2d 856, 857B58 (Tex. Crim.
App.1999); see Nicholas v. State, 56 S.W.3d 760, 769 (Tex.
App.CHouston [14th
Dist.] 2001, pet. ref=d). 

Appellant contends his trial counsel=s advice was not
within the range of competence demanded of an attorney in a criminal case
because: (1) his attorney advised him of an incorrect burden of proof; (2) his
attorney incorrectly informed him that a videotaped statement of his
co-defendant would be admitted against him at trial; (3) his attorney failed to
advise him as to the elements of the accomplice-witness rule and how it applied
to the instant case; (4) his attorney never informed him that a jury could have
convicted him of a lesser-included offense of possession only; and (5) his
attorney should have instructed him to withdraw his guilty plea.[1]


1.       Alleged
Incorrect Burden of Proof

Appellant contends his trial counsel
advised him he could not take the case to trial without any defensive evidence
because the jury would not believe appellant=s testimony.

At the new trial hearing, counsel
testified he told appellant he would need to present some affirmative evidence
that appellant lacked knowledge of the presence of the cocaine in the
automobile in order to persuade the jury appellant was not guilty.  Counsel said he discussed the facts of the
case with appellant numerous times and informed him of the strength of possible
evidence the State might introduce. 
Counsel testified he thought appellant=s version of
events would not be believed by a jury unless appellant had evidence besides
his own testimony tending to show appellant did not know the car contained
cocaine when he drove it.       








The trial judge heard all the evidence at
the hearing on appellant=s motion for a new trial, and was able to,
in her exclusive role as the fact-finder, evaluate the credibility of the
witnesses.  Reissig v. State, 929
S.W.2d 109, 113 (Tex. App.CHouston [14th
Dist.] 1996, pet. ref=d). 
In denying appellant=s motion for new
trial, the trial judge implicitly found counsel did not advise appellant of an
incorrect burden of proof.  Cf.
Dusenberry v. State, 915 S.W.2d 947, 950B51 (Tex. App.CHouston [1st
Dist.] 1996, pet. ref=d) (holding trial court implicitly
believed trial counsel=s testimony over the defendant=s contradictory
testimony when the trial court denied the defendant=s motion for new
trial).  Moreover, appellant has not
shown a reasonable probability that, but for his confusion on the burden of
proof, he would have insisted on going to trial considering the strength of the
State=s case and his
counsel=s belief that his
version of the events was not credible absent corroborating evidence.  

Appellant has failed to satisfy both
prongs under Strickland.         

2.       Advice
Concerning Co-Defendant=s Videotaped Statement
               

Appellant claims counsel gave incorrect
legal advice that an incriminating videotaped confession by his co-defendant
would be admitted at trial.  Appellant
argues Texas Rule of Evidence 801(a) prohibits the admission of a videotaped
statement at trial without the co-defendant being present because it is
hearsay.  See Tex. R. Evid. 801(a); Gannaway v.
State, 823 S.W.2d 675, 678 Tex. App.CDallas 1991, pet.
ref=d) (reversing a
murder conviction because the trial court allowed the prosecution to read an
out-of-court statement by a witness who was not fully subjected to
cross-examination). 








The Supreme Court recently set a out a new
test for challenges to out-of-court statements based on the Confrontation
Clause.  See Crawford v. Washington,
541 U.S. 36 (2004).  The Crawford Court
noted that the Confrontation Clause Adoes not bar
admission of a statement so long as the declarant is present at trial to defend
or explain it.@  Id.
at 59 n.9.  Thus, there is no violation
of the Confrontation Clause under Crawford when a witness actually
testifies at trial.  Carter v. State,
150 S.W.3d 230, 231 n.13 (Tex. App.CTexarkana 2004, no
pet.); Crawford v. State, 139 S.W.3d 462, 464 (Tex. App.CDallas 2004, pet.
ref=d). 

The testimony at the new trial hearing
shows appellant=s co-defendant was expected to testify
against him in court.  Specifically,
appellant=s co-defendant already had pled guilty to
his charge and both the district attorney and the co-defendant=s attorney told
counsel the co-defendant would testify against appellant at trial.  Counsel believed the co-defendant would
provide damaging testimony at trial and his videotaped confession would Aprobably be
presented.@ 
Because the record indicates the co-defendant was going to testify at
trial, admission of the videotape confession would not have violated the
Confrontation Clause.  We cannot say
counsel=s belief that the
videotaped statement would probably be presented lacked any plausible
basis.  

Even if counsel had been wrong about the
videotaped confession of the co-defendant, he was absolutely correct as to the
State=s ability to use
the co-defendant as a witness because the State could have subpoenaed appellant=s co-defendant and
compelled him to testify without violating the co-defendant=s constitutional
right against self-incrimination since the co-defendant already had pled guilty
to his charge.  See Franco v. Smith,
491 S.W.2d 890, 890B91 (Tex. Crim. App. 1973); Bratton v.
State, 156 S.W.3d 689, 693B94 (Tex. App.CDallas 2005, no
pet.).  

Appellant has failed to satisfy both
prongs under Strickland.

3.       Failure
to Instruct Appellant on the Accomplice-Witness Rule      

Appellant next contends counsel=s failure to
instruct him on the accomplice-witness rule and its ramifications prevented him
from making a reasoned decision about whether to plead guilty.  It is clear from the record on the motion for
new trial hearing that counsel did not instruct appellant about the
accomplice-witness rule and was unable to define the rule on the stand.








Article 38.14 of the Code of Criminal
Procedure provides: AA conviction
cannot be had upon the testimony of an accomplice unless corroborated by other
evidence tending to connect the defendant with the offense committed; and the
corroboration is not sufficient if it merely shows the
commission of the offense.@  See Tex.
Code Crim. Proc. Ann. art. 38.14 (Vernon 1979).  To corroborate accomplice-witness testimony, A[a]ll the law
requires is that there be some non-accomplice
evidence which tends to connect the accused to the commission of the
offense.  While individually these
circumstances might not be sufficient to corroborate the accomplice testimony,
taken together, rational jurors could conclude that this evidence sufficiently tended
to connect appellant to the offense.@  Hernandez v. State, 939 S.W.2d 173,
178B79 (Tex. Crim.
App. 1997); see also Munoz v. State, 853 S.W.2d 558, 559 (Tex. Crim.
App. 1993) (stating that even apparently insignificant incriminating
circumstances may sometimes afford satisfactory evidence of
corroboration).  If the combined weight
of the non-accomplice evidence tends to connect the defendant to the offense,
the requirements of Article 38.14 has been fulfilled.  Gosch v. State, 829 S.W.2d 775, 777 (Tex.
Crim. App. 1991).     








The record from appellant=s pre-sentence
investigation and new trial hearings establish that before appellant was
apprehended, the police had stopped a man driving a blue Volkswagen.  Inside the car, police found 22 kilograms of
cocaine in a hidden compartment.  The
driver of the car told police he was delivering the car to unidentified men,
appellant and the co-defendant, at a restaurant in Houston.  The police removed all of the cocaine
except  one kilogram and convinced the
driver to cooperate and continue with the delivery.  The driver then met with appellant and the
co-defendant at a restaurant, and after the meeting, appellant got into the car
containing the cocaine and drove out of the parking lot.  Appellant then drove the car to a house in a
residential neighborhood and pulled it directly into the garage.  Another man immediately shut the garage door,
and two men removed the car=s dashboard and
removed the cocaine from the car. 
Appellant testified he had learned of the cocaine only after he saw the
men remove it from the car and after he touched it.  Shortly thereafter, officers, who had
followed appellant from the restaurant, looked through a garage window and saw
the cocaine lying on a trash can lid beside the car.  When the officers entered the house, they
found appellant hiding in a bathroom, where he had changed shirts. 

Based on the facts in the record linking
appellant to the cocaine, such as his pulling the car directly into the garage,
touching the cocaine, and avoiding the police, we cannot say counsel=s failure to
inform appellant about the accomplice-witness rule fell below the standard of
competence of an attorney in a criminal case because the combined weight of the
non-accomplice evidence tends to connect appellant to the offense.  Here, because there was sufficient corroborating
evidence tending to connect appellant to the charged offense, the accomplice
witness rule would not have presented a bar to finding appellant guilty.  Appellant has failed to demonstrate how
counsel=s failure to
instruct him as to the rule prevented him from making a reasoned decision about
whether to plead guilty. 

Appellant has failed to satisfy both
prongs under Strickland.       

4.       Alleged
Failure to Instruct Appellant that a Jury Could Convict Him of a
Lesser-Included Offense  

Appellant argues counsel was ineffective
in failing to explain to him that a jury could convict him of a lesser-included
offense.  Appellant concedes counsel
discussed the possibility of a lesser-included offense with him, but appellant
thought he could only be convicted of a lesser-included offense if the
prosecution agreed.  In support of this
argument, appellant relies on counsel=s testimony at the
new trial hearing that he told appellant if appellant went to trial under the current
charge, the minimum punishment a jury could assess was 15 years in prison.[2]  








At the hearing on the motion for new
trial, counsel testified he knew appellant would be legally entitled to a
lesser-included offense instruction if the issue were raised during trial.  Counsel testified that he tried to explain
this to appellant.

 
The trial judge heard both counsel=s and appellant=s testimony, and
was able to, in her exclusive role as the fact-finder, evaluate the credibility
of the witnesses.  See Reissig,
929 S.W.2d at 113.  In denying appellant=s motion for new
trial, the trial judge implicitly found that counsel did not fail to adequately
instruct appellant that a jury could have convicted him of a lesser-included
offense without the prosecution=s approval.  Cf. Dusenberry, 915 S.W.2d at 951.

Appellant has failed to satisfy the first
prong under Strickland.

5.       Failure to
Instruct Appellant to Withdraw his Guilty Plea   

Appellant=s final contention
is that counsel failed to instruct him to withdraw his guilty plea.  At appellant=s sentencing
hearing, appellant told the court he did not know drugs were in the car he was
driving until after he parked the car in the garage and saw another man remove
the drugs from the car.  Appellant
testified at the new trial hearing that he pled guilty because he drove the car
and he thought his lawyer would get him probation.[3]









Once a court takes a case under
advisement, the defendant=s absolute right to withdraw his plea
expires.  Jackson v. State, 590
S.W.2d 514, 515 (Tex. Crim. App. 1979); Stone v. State, 951 S.W.2d 205,
207 (Tex. App.CHouston [14th Dist.] 1997, no pet.).  Passage of a case for pre-sentence
investigation constitutes Ataking the case
under advisement.@  Stone,
951 S.W.2d at 207; Thompson v. State, 852 S.W.2d 268, 270 (Tex. App.CDallas 1993, no
writ).  After judgment has been
pronounced, the decision to allow a defendant to withdraw his guilty plea is
within the sound discretion of the court. 
Jackson, 590 S.W.2d at 515. 
In the instant case, appellant pled guilty, and the judge, finding
sufficient evidence to substantiate appellant=s guilt, reset the
case for a punishment hearing.  Appellant
contends his testimony at the punishment hearing, after judgment was
pronounced, was sufficient to require counsel to instruct him to withdraw his
guilty plea.  

The record shows counsel informed
appellant of all his options, and appellant chose to plead guilty in an attempt
to receive deferred adjudication. 
Counsel believed appellant=s best chance to
achieve this objective was to plead guilty. 
A plea of guilty is a matter of trial strategy, and a plea is not
rendered involuntary because the resulting sentence is greater than expected.  Enard v. State, 764 S.W.2d 574, 575
(Tex. App.CHouston [14th Dist.] 1989, no pet.).  We presume counsel=s actions were
reasonably professional and motivated by sound trial strategy.  See Strickland v. Washington, 466
U.S. 668, 689 (1984) (stating that a fair assessment of attorney performance
requires every effort to eliminate the distorting effects of hindsight and to
evaluate the conduct from counsel=s perspective at
the time of trial).  Appellant has failed
to show he would have withdrawn his guilty plea had counsel instructed him to
do so.  Furthermore, the record supports
appellant=s conviction[4]
and appellant is unable to prove the trial court would have permitted him to
withdraw his guilty plea had it been requested since the decision was within the
trial court=s discretion.    

Appellant has failed to satisfy both
prongs under Strickland. 








After reviewing the record and considering
all of appellant=s claims of ineffective assistance, we
conclude appellant has not met his burden under Strickland.  Appellant=s assertions that
trial counsel gave incorrect legal advice were contradicted by his trial
counsel at the new trial hearing. 
Appellant has failed to demonstrate trial counsel rendered ineffective
assistance making his guilty plea involuntary. 
We hold the trial court did not abuse its discretion in denying
appellant=s motion for new trial. 

We overrule appellant=s first point of
error. 

 

 

C.      Alleged
Failure to Adequately Investigate

In his second point of error, appellant
claims he was denied effective assistance of counsel because counsel failed to
adequately investigate the facts and circumstances surrounding his reason for
driving the automobile which contained the cocaine.  Specifically, appellant claims: (1) counsel
never obtained appellant=s wallet containing auction permits and
business cards which would have shown he was in the business of buying and
selling cars; and (2) counsel never called Bingo Auto Sales to verify appellant=s story that he
was hired to replace a flood-damaged computer in the vehicle and drive it from
Laredo to Houston.  Appellant contends
counsel=s failure to make
any kind of investigation into his story clearly caused him prejudice.             

ACounsel has a duty
to make reasonable investigations or to make a reasonable decision that makes
particular investigations unnecessary.@  Strickland, 466 U.S. at 691.  A decision not to investigate Amust be directly
assessed for reasonableness in all the circumstances, applying a heavy measure
of deference to counsel=s judgments.@  Id. 
In any event, we will not reverse a conviction unless the consequence of
the failure to investigate  is that the
only viable defense available to the accused is not advanced and but for
counsel=s failure to
advance the defense, the result of the proceeding would have been
different.  McFarland v. State,
928 S.W.2d 482, 501 (Tex. Crim. App. 1996) (citing Strickland, 466 U.S.
at 694).         








Counsel testified he asked appellant and
his family to see the license that allowed appellant to attend auto
auctions.  However, counsel was never
shown the license.  According to counsel,
appellant said his wallet contained business cards.  Counsel told appellant the business cards
might be beneficial but admits he never picked up the wallet.  Counsel testified he did call Bingo Auto
Sales to find out who owned the dealership, but he did not ask about the car
appellant was hired to drive. 

Without determining whether counsel was
deficient, we hold that appellant has failed to satisfy the prejudice prong of Strickland.  The record in this case contains no evidence
of what information Bingo Auto Sales would have provided and the record is
devoid of any proof that appellant actually had an auction permit or business
cards that a reasonable investigation would have uncovered.  Moreover, there is no showing here such
evidence, even if discovered, would have benefitted appellant.  See Melancon v. State, 66 S.W.3d 375,
380B81 (Tex. App.CHouston [14th
Dist.] 2001, pet. ref=d) (holding record containing no evidence
reflecting what facts or testimony would have been provided had counsel been
effective fails to show any harm). 
Appellant has failed to satisfy the second prong under the Strickland
test to demonstrate prejudice. 

Accordingly, appellant=s second point of
error is overruled.  

CONCLUSION

We affirm the judgment of the trial court.


 

 

/s/      John S. Anderson

Justice

 

 

 

Judgment
rendered and Substitute Memorandum Opinion filed August 25, 2005.

Panel
consists of Justices Anderson, Hudson, and Frost.

Do
Not Publish C Tex.
R. App. P. 47.2(b).











[1]  On appeal,
appellant=s only argument concerning the Strickland prejudice
prong is that Ait is very likely@ he
would have insisted on pleading not guilty had his trial counsel discussed all
of these issues.     





[2]  If appellant
had been convicted by a jury as charged, the minimum punishment would be
15 years confinement and a fine not to exceed $250,000.  Tex.
Health & Safety Code Ann. '
481.112(a), (f) (Vernon 2003). 





[3]  Counsel
testified he told appellant he could possibly get deferred adjudication from
the judge if he pled guilty to the charge. 
We note that because appellant pled guilty, the trial judge could have
deferred adjudication
of appellant's guilt and placed appellant on community
supervision.  See Tex. Code Crim. Proc. Ann. art. 42.12 ' 5(a) (Vernon Supp. 2004); Cabezas
v. State, 848 S.W.2d 693, 695 (Tex. Crim. App. 1993).  Thus, counsel=s advice that probation was a
possibility was not incorrect.





[4]  When appellant
enetered his guilty plea, he stipulated that the allegations in the indictment
were true.  This judicial confession is
sufficient to establish appellant=s
guilt.  Watson v. State, 974
S.W.2d 763, 764 (Tex. App.CSan Antonio 1998, pet. ref=d).