# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-12-00219-CR

**Kevin Daniel Anderson, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF BELL COUNTY, 426TH JUDICIAL DISTRICT
### NO. 66777, HONORABLE FANCY H. JEZEK, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Kevin Daniel Anderson pleaded guilty to the offense of aggravated assault. *See* Tex. Penal Code Ann. § 22.02 (West 2011). Following a hearing on sentencing, the district court assessed punishment at 18 years' imprisonment. In two points of error on appeal, Anderson asserts that his guilty plea was involuntary and that the district court abused its discretion in refusing to allow him to withdraw his guilty plea. We will affirm the judgment of conviction.

## BACKGROUND

Anderson was charged with intentionally, knowingly, or recklessly causing serious bodily injury to Shawn Alosi by striking and kicking him and using or exhibiting a deadly weapon during the commission of the offense, specifically his hand or foot. Prior to trial, Anderson had signed a judicial confession and a "waiver of jury and agreement to stipulate upon a plea of guilty." The waiver indicated that Anderson understood the charges against him, the consequences of pleading guilty, and the rights he was waiving by pleading guilty. The waiver further indicated:

I am mentally competent and I have discussed the facts of the offense or offenses charged against me with my attorney and I am satisfied with the investigation of the facts and the representation provided by my attorney. My decision to enter a plea of guilty before the court is my free and voluntary decision made with knowledge of the facts of the case for and against me and represents my free choice between the courses of action available to me.

The waiver was also signed by defense counsel, the State, and the district court.

Prior to accepting Anderson's guilty plea, the district court admonished Anderson and asked him numerous questions relating to whether he understood the consequences of his plea. Because the district court's questions and Anderson's responses are relevant to our inquiry into the voluntariness of Anderson's plea, we reproduce most of the exchange below:

THE COURT:         Sir, are you Kevin Daniel Anderson?

THE DEFENDANT:  Yes, ma'am.

THE COURT:         How old are you?

THE DEFENDANT:  Twenty-one.

THE COURT:         Are you a United States citizen?

THE DEFENDANT:  Yes, m'am.

THE COURT:         Do you read, write and speak the English language?

THE DEFENDANT:  Yes, ma'am.

THE COURT:         Mr. Anderson, you understand that you're in court this morning charged with the felony offense of aggravated assault?

THE DEFENDANT:  Yes, ma'am.

THE COURT:         You understand that that is a second-degree felony, and it carries a range of punishment of not less than 2 nor more than 20 years in the Institutional Division of the Texas Department

of Criminal Justice, and it may include a fine of up to $10,000?

THE DEFENDANT: Yes, ma'am.

THE COURT: Do you understand today's your trial?

THE DEFENDANT: Yes, ma'am.

THE COURT: Are you ready to proceed?

THE DEFENDANT: Yes, ma'am.

THE COURT: Mr. Anderson, I have papers in front of me that I understand you signed.

THE DEFENDANT: Yes, ma'am.

THE COURT: Did you read and understand all of these papers before you signed them?

THE DEFENDANT: Yes, ma'am.

THE COURT: You understand that you have the right to have a jury trial; and in fact, there's a jury panel waiting in the hallway. You're set for jury trial today. Do you understand that?

THE DEFENDANT: Yes, ma'am.

THE COURT: Do you want a jury trial?

THE DEFENDANT: No, ma'am.

THE COURT: Do you want to proceed before the court without a jury?

THE DEFENDANT: Yes, ma'am.

THE COURT: Do you also understand, sir, that you have an absolute right to remain silent and you do not have to make any statements in these proceedings?

THE DEFENDANT: Yes, ma'am.

THE COURT: And do you understand that you can require the state to bring their witnesses into court to testify against you, and you and your attorney have the right to confront and cross-examine those witnesses?

THE DEFENDANT: Yes, ma'am.

THE COURT: You signed papers, sir, telling me that you want to give up all of those rights.

THE DEFENDANT: Yes, ma'am.

THE COURT: Is that still what you want to do?

THE DEFENDANT: Yes, ma'am.

THE COURT: And Mr. White, you concur in those waivers?

MR. WHITE: I do, Your Honor.

THE COURT: Does the state waive a jury?

MS. STRIMPLE: Yes, Your Honor.

THE COURT: I'll approve those waivers. Mr. Anderson, I also have a document that's a judicial confession. Did you read and understand this before you signed it?

THE DEFENDANT: Yes, ma'am.

THE COURT: Do you understand that when this comes into evidence, you've given the evidence against yourself in this case?

THE DEFENDANT: Yes, ma'am.

THE COURT: Also, sir, I understand that you do not have any plea agreements with the state.

THE DEFENDANT: Yes, ma'am.

THE COURT: Do you understand that that leaves the full range of punishment available to the court?

THE DEFENDANT: Yes, ma'am.

4

THE COURT:	Is it true, sir, that you don't have any agreements with the state?

THE DEFENDANT:	Yes, ma'am.

THE COURT:	If you do have agreements with the state, Mr. Anderson, I don't know about them and I'm not bound by them. You understand that?

THE DEFENDANT:	Yes, ma'am.

THE COURT:	You also understand, sir, that this confession and the indictment in this case contain an allegation of a deadly weapon?

THE DEFENDANT:	Yes, ma'am.

THE COURT:	Do you understand the effect that that would have on any parole eligibility in this case in the event that you were sentenced to time in the Institutional Division of the Texas Department of Criminal Justice?

THE DEFENDANT:	Yes, ma'am.

THE COURT:	Do you understand that?

THE DEFENDANT:	Yes, ma'am.

THE COURT:	You've talked with your attorney about that?

MR. WHITE:	Your Honor, we have discussed that he would not be eligible for good time parole or eligibility of parole until one-half of the sentence is served, in actuality that could be a lot longer than 50 percent of sentence. We explained that to him.

THE COURT:	All right. You understand that, Mr. Anderson?

THE DEFENDANT:	Yes, ma'am.

THE COURT:	Understanding all that, do you still want to proceed?

THE DEFENDANT:	Yes, ma'am.

. . . .

5

THE COURT:          Okay. Mr. Anderson, do you believe you're mentally competent? Do you understand everything that we're doing?

THE DEFENDANT:  Oh, yes, ma'am.

THE COURT:          Do you understand what you've been charged with?

THE DEFENDANT:  Yes, ma'am.

THE COURT:          Have you been able to talk with Mr. White about the allegations against you?

THE DEFENDANT:  Yes, ma'am.

THE COURT:          Have you been able to talk with him about any possible defenses that you might have in this case?

THE DEFENDANT:  Yes, ma'am.

THE COURT:          Do you feel like you've understood everything?

THE DEFENDANT:  Yes, ma'am.

THE COURT:          Have you been satisfied with the representation that he has provided for you in this case?

THE DEFENDANT:  Yes, ma'am.

THE COURT:          Mr. White, do you believe your client is mentally competent?

MR. WHITE:           I do, Your Honor.

THE COURT:          Mr. Anderson, to the charge of aggravated assault alleged to have occurred in Bell County, Texas, on August the 29th of 2009, how do you plead, sir; are you guilty or not guilty?

THE DEFENDANT:  Guilty.

THE COURT:          Are you pleading guilty freely and voluntarily?

THE DEFENDANT:  Yes, ma'am.

THE COURT:          Has anyone promised you anything in order to get you to enter the plea of guilty?

6

THE DEFENDANT: No, ma'am.

THE COURT: Has anyone threatened you or forced you or done something to you to make you plead guilty?

THE DEFENDANT: No, ma'am.

THE COURT: Are you pleading guilty, sir, because you are guilty?

THE DEFENDANT: Yes, ma'am.

THE COURT: You did commit this offense?

THE DEFENDANT: Yes, ma'am.

THE COURT: You understand that based on your plea, punishment will be assessed?

THE DEFENDANT: Yes, ma'am.

THE COURT: Do you still want to plead guilty?

THE DEFENDANT: Yes, ma'am.

THE COURT: Mr. White, do you concur?

MR. WHITE: I do, Your Honor.

THE COURT: At this time I find the defendant is competent, he understands the nature and consequences of his plea, his plea is free and voluntary.

The district court then admitted Anderson's judicial confession into evidence, found the evidence sufficient to prove that Anderson had committed the offense, withheld a finding of guilt at that time, ordered a pre-sentence investigation report, and reset the case for sentencing.

Sentencing commenced that afternoon in order to accommodate the availability of one out-of-town witness and another out-of-state witness, both of whom the State had scheduled

to testify that day. After hearing their testimony, however, the district court recessed and did not reconvene sentencing until several months later.

Approximately two months after pleading guilty, Anderson sent a pro se letter to the district court in which he claimed that he "never wanted to plead guilty" and that he had done so because his attorney had informed him that he would receive a lesser sentence or probation if he pleaded guilty. Anderson asserted that he was "not guilty of this charge," but qualified this claim by adding, "I'm not saying that I wasn't part of this incident [involving the assault], because I was, but not to the extreme of what the court makes it seem." Anderson also asserted for the first time that he had been acting in self-defense when he had committed the offense. The district court took no action in response to this letter.

Sentencing resumed approximately two months later, and Anderson testified in his defense at the hearing. Although Anderson referenced in his testimony some of the defensive claims that he had made in his letter, he made no request during sentencing to withdraw his guilty plea. The district court subsequently sentenced Anderson as noted above. This appeal followed.

**STANDARD OF REVIEW**

In his first point of error, Anderson asserts that his guilty plea was involuntary. The standard of review when an appellant contends that his plea was not knowingly and voluntarily given is whether the record discloses that the defendant's plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant. *See North Carolina v. Alford*, 400 U.S. 25, 31 (1970); *Brown v. State*, 896 S.W.2d 327, 328 (Tex. App.—Houston [1st Dist.] 1995, pet. ref'd). When evaluating the voluntariness of a guilty plea, we consider the entire record. *Martinez v. State*, 981 S.W.2d 195, 197 (Tex. Crim. App. 1998) (per curiam). When the record

8

reflects that a defendant was properly admonished, it presents a prima facie showing that the guilty plea was made knowingly and voluntarily. *Id*. Faced with this prima facie showing, the burden then shifts to the defendant to demonstrate that his plea was not voluntary. *Id*. A defendant who attests, when he enters his plea of guilty, that he understands the nature of his plea and that his plea is voluntary, has a heavy burden on appeal to show that his plea was involuntary. *See Houston v. State*, 201 S.W.3d 212, 217 (Tex. App.—Houston [14th Dist.] 2006, no pet.); *Dusenberry v. State*, 915 S.W.2d 947, 949 (Tex. App.—Houston [1st Dist.] 1996, pet. ref'd).

In his second point of error, Anderson asserts that the trial court abused its discretion in not allowing him to withdraw his guilty plea. A defendant may withdraw his plea as a matter of right, without assigning a reason, until judgment is pronounced or the case is taken under advisement by the trial court.[1] *Jackson v. State*, 590 S.W.2d 514, 515 (Tex. Crim. App. 1979); *Jagaroo v. State*, 180 S.W.3d 793, 802 (Tex. App.—Houston [14th Dist.] 2005, pet. ref'd). If, on the other hand, the defendant decides to withdraw his plea after the trial court has taken the case under advisement or pronounced judgment, the withdrawal of such plea is within the sound discretion of the trial court. *Jackson*, 590 S.W.2d at 515; *Jagaroo*, 180 S.W.3d at 802. A trial court abuses its discretion when it acts arbitrarily or unreasonably, or without reference to any guiding rules and principles. *Montgomery v. State*, 810 S.W.2d 372, 380 (Tex. Crim. App. 1990); *Stone v. State*, 951 S.W.2d 205, 207 (Tex. App.—Houston [14th Dist.] 1997, no pet.). To show that the trial court abused its

---

[1] After a trial court has admonished a defendant, received the plea and evidence, and passed the case for a pre-sentence investigation, the case has been taken under advisement. *See Houston v. State*, 201 S.W.3d 212, 218 (Tex. App.—Houston [14th Dist.] 2006, no pet.); *Saldana v. State*, 150 S.W.3d 486, 490 (Tex. App.—Austin 2004, no pet.). That is what occurred here.

9

discretion when it refused to allow appellant to withdraw his plea, an appellant must show that the trial court's ruling lies outside the zone of reasonable disagreement. *Jagaroo*, 180 S.W.3d at 802.

**ANALYSIS**

As an initial matter, it does not appear that Anderson has preserved his complaints for review. To preserve error, a complaint must be "made to the trial court by a timely request, objection, or motion that . . . state[s] the grounds for the ruling that the complaining party sought from the trial court with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context." Tex. R. App. P. 33.1(a)(1)(A). The record must also show that the trial court "ruled on the request, objection, or motion, either expressly or implicitly" or "refused to rule on the request, objection, or motion, and the complaining party objected to the refusal." Tex. R. App. P. 33.1(a)(2). As a general rule, a complaint regarding the voluntariness of a guilty plea cannot be raised for the first time on appeal. *See Mendez v. State*, 138 S.W.3d 334, 350 (Tex. Crim. App. 2004); *Starks v. State*, 266 S.W.3d 605, 613 (Tex. App.—El Paso 2008, no pet.).

Here, Anderson made no specific complaint to the district court that his guilty plea was involuntary. Nor did he seek to withdraw his guilty plea during sentencing. The only way that Anderson might have preserved error was through his pro se letter to the district court.[2] But even if we were to liberally construe Anderson's letter as a request to withdraw his guilty plea or a

---

[2] Because Anderson was represented by counsel at the time he wrote the letter, the district court was entitled to disregard any pro se motion or filing. *See Robinson v. State*, 240 S.W.3d 919, 922 (Tex. Crim. App. 2007); *see also Costilla v. State*, No. 03-10-00226-CR, 2010 Tex. App. LEXIS 10321, at *14 (Tex. App.—Austin Dec. 23, 2010, no pet.) (mem. op., not designated for publication).

10

complaint that his plea was involuntary, the district court made no express ruling on any such request or complaint. Therefore, for error to have been preserved, the district court must have implicitly overruled the request or complaint. On this record, there does not appear to be any such ruling, either during or after sentencing.[3]

However, even if we were to find that Anderson had preserved error, we could not conclude on this record that Anderson's complaints had merit. Regarding the voluntariness of Anderson's plea, the record as a whole supports an implied finding by the district court that Anderson's plea represented a voluntary and intelligent choice among the alternative courses of action open to the defendant. Although Anderson claimed in his letter that he had pleaded guilty because his counsel had represented that he could receive a lesser sentence if he did so, there is nothing in the record to support this bare assertion. The record reflects that the district court admonished Anderson that he was being charged with a second-degree felony punishable by a term of anywhere between two and twenty years' imprisonment and that, because Anderson had no plea agreement with the State, the "full range of punishment" was available to the court and the court was not "bound" by any agreements to the contrary. Anderson indicated that he understood those admonishments. Moreover, even if counsel had created an expectation that Anderson would receive a lesser sentence than what was actually assessed, this would not render Anderson's plea involuntary. *See West v. State*, 702 S.W.2d 629, 633 (Tex. Crim. App. 1986) ("[T]he plea is not involuntary just because the sentence exceeded what appellant expected, even if the expectation was raised by his attorney"); *State v. Collazo*, 264 S.W.3d 121, 127 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd) ("A plea is not involuntary simply because the defendant 'did not correctly assess every

---

[3] No motion for new trial was filed.

11

relevant factor entering into his decision.'" (quoting *Talbott v. State*, 93 S.W.3d 521, 526 (Tex. App.—Houston [14th Dist.] 2002, no pet.)). And, there is nothing in the record to suggest that Anderson's plea was involuntary for any other reason, such as threats, misrepresentations, or coercion. *See Brady v. United States*, 397 U.S. 742, 755-57 (1970). Thus, the record as a whole supports an implied finding by the district court that Anderson failed to meet his "heavy burden" to show that his plea was involuntary.

We also could not conclude on this record that the district court abused its discretion in refusing to allow Anderson to withdraw his guilty plea. Assuming without deciding that Anderson's pro se letter was a request to withdraw his plea, it was filed some two months after Anderson had already pleaded guilty and judicially confessed to committing the crime and after the sentencing hearing had already commenced. The district court had already considered the testimony of two witnesses, one of whom was an eyewitness to the assault. Thus, it would not have been outside the zone of reasonable disagreement for the district court to conclude that to allow Anderson to withdraw his plea at that time would be unduly disruptive to the ongoing proceedings, especially considering that the letter was apparently written without the participation of Anderson's counsel. It also would not have been outside the zone of reasonable disagreement for the district court to conclude that the letter was equivocal and not a complete renunciation of Anderson's guilty plea, as Anderson did not deny his involvement in the assault but claimed only that his involvement was not as "extreme" as the district court had "made it seem." Moreover, because Anderson did not request to withdraw his guilty plea at the sentencing hearing, it would not have been outside the zone of reasonable disagreement for the district court to conclude that even if Anderson had wanted to withdraw his guilty plea when he had written the letter, he had subsequently changed his mind.

12

Finally, as we have already explained, the record supports a finding that Anderson's plea was a voluntary and intelligent choice among the alternative courses of action open to him, and it would not have been outside the zone of reasonable disagreement for the district court to allow Anderson's voluntary and intelligent choice to stand. *See Jagaroo*, 180 S.W.3d at 802-03. For these and other reasons, we could not conclude on this record that any implicit refusal of Anderson's purported request to withdraw his guilty plea was arbitrary or unreasonable.

We overrule Anderson's first and second points of error.

## CONCLUSION

We affirm the judgment of the district court.

_____

Bob Pemberton, Justice

Before Justices Puryear, Pemberton and Henson

Affirmed

Filed: August 3, 2012

Do Not Publish