NO. 07-11-00408-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

DECEMBER 19, 2012

_____

ROBERT SMALL, JR., APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 272ND DISTRICT COURT OF BRAZOS COUNTY;

NO. 10-01875-CRF-272; HONORABLE TRAVIS B. BRYAN III, JUDGE

_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant, Robert Small, Jr., appeals his conviction following a plea of guilty to the offense of obstruction or retaliation[1] and sentence, pursuant to a plea bargain, of three years in the Institutional Division of the Texas Department of Criminal Justice (ID-TDCJ).  We affirm.

_____

[1] See TEX. PENAL CODE ANN. § 36.06 (West 2011).

Factual and Procedural Background

Appellant appeared before a magistrate judge in Brazos County on October 25, 2010, to enter a plea of guilty pursuant to a plea bargain previously reached with the State to the offense of obstruction or retaliation. By administrative order of the District and County Courts at Law of Brazos County, magistrates appointed pursuant to the Texas Government Code are permitted to receive a negotiated plea of guilty or no contest. See Acts 2001, 77th Leg., R.S., ch. 954, § 1, sec. 54.1046, 2001 Tex. Gen. Laws 1911, 1912, repealed by Acts 2011, 82nd Leg., 1st C.S., ch. 3, § 6.11, 2011 Tex. Gen. Laws 116, 153-54 (formerly TEX. GOV'T CODE § 54.1106, repealed effective January 1, 2012).[2] At the conclusion of the hearing on appellant's plea, appellant's counsel requested sentencing be delayed so that appellant could receive treatment for prostate cancer. The magistrate granted the request. Prior to setting sentencing for a future date, the magistrate found appellant guilty of the offense of obstruction or retaliation and found that the enhancement paragraph was true. The magistrate subsequently announced the sentencing date would be set later.

Subsequent to appellant's plea of guilty, appellant asked that his appointed counsel be relieved and allowed to withdraw and that another attorney be appointed to represent him. The referring trial court allowed counsel that appeared at the plea to withdraw and appointed new counsel. Thereafter, new counsel filed a motion to allow appellant to withdraw his plea of guilty. The referring trial court heard the motion on

---

[2] Further reference will be to "former TEX. GOV'T CODE § 54.1106."

July 29, 2011, and denied the same. Subsequently, the referring court sentenced appellant pursuant to the plea agreement to three years incarceration in the ID-TDCJ.

Appellant has appealed and asserts that the trial court erred by denying him the unequivocal right to withdraw his plea of guilty. Disagreeing with appellant, we will affirm.

Withdrawal of Plea

Prior to actually reaching appellant's issue, this Court must determine whether appellant had a right of appeal. Texas Rules of Appellate Procedure provide that, "In a plea bargain case—that is, a case in which a defendant's plea was guilty . . . and the punishment did not exceed the punishment recommended by the prosecutor and agreed to by the defendant—a defendant may appeal only: (A) those matters that were raised by written motion filed and ruled on before trial, or (B) after getting the trial court's permission to appeal." See TEX. R. APP. P. 25.2(a)(2).[3]

The State, focusing on subdivision (A), contends that the motion to withdraw the plea was not a matter "raised by written motion filed and ruled on before trial." Therefore, according to the State, appellant does not have a right of appeal, and this Court should dismiss the appeal based on a defective certification of the right of appeal. While we might agree with the State in a normal situation, in light of the facts of this case and the question of whether the plea had been accepted or taken under advisement, we decline to rule that the certification of defendant's right to appeal was

---

[3] Further reference to the Texas Rules of Appellate Procedure will be by reference to "rule ____" or "Rule ____."

3

defective.  Rather, we conclude that the trial court's certification of the right of appeal can be viewed as simply the trial court's permission to appeal under subdivision (B) of the rule.  See id.; Salazar v. State, No. 02-10-00105-CR, 2011 Tex. App. LEXIS 2403, *5–7 (Tex.App.—Fort Worth Mar. 31, 2011, pet. ref'd) (mem. op., not designated for publication).  Accordingly, we decline to accept the State's invitation to dismiss the appeal.

Having determined that appellant does, in fact, enjoy the right of appeal, we must now address his issue: did the trial court err when it denied appellant's request to withdraw his plea of guilty.  We review the trial court's decision under an abuse of discretion standard.  Stone v. State, 951 S.W.2d 205, 207 (Tex.App.—Houston [14th Dist.] 1997, no pet.).  The record reflects that on October 25, 2010, appellant appeared before Magistrate Glynis Gore.  Further, appellant executed the typical waivers associated with the entry of a plea of guilty.  Specifically, appellant waived his right to a jury trial; the appearance, confrontation, and cross-examination of witnesses; and the right to remain silent.  In addition, appellant judicially confessed that he committed the acts alleged in the indictment.  The magistrate further admonished appellant on the applicable range of punishment and inquired about any mental health issues.  After all the admonishments, the magistrate stated on the record that she found the plea of guilty to have been freely and voluntarily made and that appellant was mentally competent to do so. The magistrate then pronounced appellant guilty of the offense charged and that the enhancement allegations were true.  Finally, at the request of appellant, the magistrate announced that the sentencing would be reset for a later date so that appellant could receive treatment for his prostate cancer.

4

It is appellant's position that, because the referring trial court did not proceed to the question of sentencing until July 29, 2011, the plea had not been accepted or taken under advisement. To arrive at this conclusion, appellant cites the court to language from Stone which, according to appellant, makes the filing of the plea papers in the court's records the pivotal event. See id. A closer reading of Stone, however, does not support appellant's position. In Stone, the filing of the papers in the court's record was simply one of a list of things that the trial court had done while receiving the appellant's plea. See id. The other matters listed are the same types of matters the magistrate inquired into in the instant case. From the record, we know that the magistrate found appellant guilty, and the only matter left to attend to was sentencing. Further, we know that the request to delay sentencing came from appellant. Once a plea has been taken under advisement or guilt has been adjudicated, a request to withdraw a plea is untimely. See DeVary v. State, 615 S.W.2d 739, 740 (Tex.Crim.App. [Panel Op] 1981). In the case before the Court, the magistrate adjudicated appellant guilty and had taken the case under advisement for sentencing.

Appellant has not attacked the process, then in existence in Brazos County, of using the magistrate to take negotiated pleas of guilty. Under the scheme in existence at the time of this plea, the magistrate had the authority to accept a negotiated plea bargain. See former TEX. GOV'T CODE § 54.1106. Likewise, the acts of the magistrate in taking the plea of guilty have the same force and effect of and are as enforceable as an order of the referring court. See id. § 54.1114.

From a totality of the record, the trial court accepted the plea and adjudicated appellant guilty; therefore, appellant did not have an unfettered right to withdraw his plea. See DeVary, 615 S.W.2d at 740. Accordingly, the trial court did not abuse its discretion in denying appellant's request to withdraw his plea of guilty. See Stone, 951 S.W.2d at 207. Appellant's issue is overruled.

## Conclusion

Having overruled appellant's single issue, we affirm the trial court's judgment.

Mackey K. Hancock
Justice

Do not publish.